UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 21-20546-AJC |
| | : | |
| GINA E. HICKEY, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | | |

## TRUSTEE'S MOTION TO COMPEL THE DEBTOR TO COMPLY WITH SUBPOENA DUCES TECUM AND FOR SANCTIONS

COMES NOW, Maria Yip, as the Chapter 7 Trustee of the case captioned above and files this Motion to Compel the Debtor to Comply with Subpoena Duces Tecum and for Sanctions (the "*Motion*"), and in support thereof would state as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 2, 2021 (the "*Petition Date*").

2. The §341 Meeting of Creditors was held and concluded on February 1, 2022 (the "*§341 Meeting of Creditors*").

3. On February 8, 2022, the Trustee filed a Notice of Rule 2004 Examination Duces Tecum of the Debtor [D.E. 35]. The Trustee properly served a subpoena upon the Debtor in accordance with the Federal Rules of Bankruptcy Procedure (the "*Debtor's Subpoena*"). A copy of the Trustee's Notice of Rule 2004 Examination Duces Tecum and corresponding request for production is attached herein as Exhibit 1.

4. The Debtor appeared on February 23, 2022 for the Rule 2004 Examination (the "*Debtor's Rule 2004 Examination*"). However, the Debtor failed to produce all the documents responsive to the Subpoena. Specifically, the Debtor only produced statements for her JP Morgan Chase Bank Checking Account #-5953 (the "*Debtor's Bank Account*") and her personal

tax returns. In other words, the Debtor did not provide any documents in addition to the documents debtors regularly produce prior to their §341 Meeting of Creditors.

5. As of the date of filing this motion, the Debtor has failed to produce any additional documents responsive to the Subpoena. Furthermore, the Debtor has failed to file a formal response to the Subpoena.

6. On March 17, 2022, the Trustee filed a Notice of Rule 2004 Examination Duces Tecum of Michael T. Hickey (the Debtor's ex-husband and business partner) [D.E. 38]. The Trustee properly served a subpoena upon Michael T. Hickey in accordance with the Federal Rules of Bankruptcy Procedure.

7. Michael T. Hickey appeared on April 12, 2022 for the Rule 2004 Examination (the "***M. Hickey's Rule 2004 Examination***"). Michael T. Hickey failed to provide any documents responsive to his subpoena.

**The Business and Debtor's Failure to Produce Documents**

8. The Debtor and Michael T. Hickey co-owned and operated the business Haqshaq, LLC (the "***Business***") as an after-care program. The Business is still active pursuant to the Florida public records and the Debtor is the Business's sole authorized representative. As reflected in Exhibit 1 the Trustee requested documents regarding the Business including but not limited to statements for any bank accounts the Business had.

9. At her Rule 2004 Examination the Debtor testified that she has not been affiliated with the Business for years and that she signed a letter of agreement transferring her interest to Michel T Hickey (the Debtor has failed to produce the letter of agreement) and that she was not in possession of any of the documents related to the Business.

10. At his Rule 2004 Examination, Michael T. Hickey testified that the Business had

a bank account at JP Morgan Chase Bank, that the Debtor was an authorized signor for the account and that no steps were taken to remove the Debtor from the account.

11. The Debtor and Michael T. Hickey have not produced any bank statements for Business bank account. The Debtor and Michael T. Hickey testified that the Business account has been closed for years. However, based on a review of the Debtor's Bank Account which shows transfers to and from what appears to be the Business bank account, the Business bank account was open until late 2021. The Business account may be still be open, however the Debtor and Michael T. Hickey refuse to confirm the status of the account and refused to produce the bank statements for the Business bank account. Furthermore, the Debtor failed to disclose the Business bank account in her Schedules and Statement of Financial Affairs.

12. The Debtor transferred $36,450.00 to Michael T. Hickey from February 12, 2020 to July 28, 2021. The Debtor has failed to produce any documents that would justify the transfers.

13. The documents requested by the Trustee are relevant to the key issues in this case, and are necessary for the Trustee to ascertain the Debtor's assets, financial condition or business transactions. The Trustee cannot evaluate the Debtor's claimed exemptions or whether discharge is appropriate in this case without these documents. Furthermore, the Trustee cannot discharge her duties without said documents.

14. The Trustee is requesting an Order of this Court compelling the Debtor to respond to the Trustee's Subpoena, provide the requested documents, and file a formal response to the Subpoena within five (5) days of the entry of an order granting this Motion. Federal Rule of Civil Procedure 37(a)(3)(B)(iv) and (a)(4), as made applicable by Bankruptcy Rule 7037, empowers a party to move to compel any other party to produce documents.

Case No.: 21-20546-AJC

15. The Trustee also requests that the Court assess $1,000.00 in sanctions against the Debtor for the reasonable attorney's fees and costs that the Debtor is requiring the Estate to incur merely to obtain the Debtor's compliance with her obligations under the Bankruptcy Code. Specifically, the Trustee has been requesting the documents since February 8, 2022, when the Subpoena was served upon the Debtor. The Trustee seeks such sanctions pursuant to 11 U.S.C. §105, as well as the inherent jurisdiction and power of the Court.

WHEREFORE, Maria Yip, Trustee requests for the entry of an Order: (i) GRANTING the instant Motion; (ii) compelling the Debtor to comply with the Trustee's Subpoena duces tecum by providing the documents requested in the enclosed Exhibit 1 within five (5) days of the date of any Order granting this Motion; (iii) ordering that the Court award $1,000.00 in attorney's fees and costs against the Debtor for necessitating the filing of this Motion pursuant to 11 U.S.C. §105 and the inherent jurisdiction of the Court; (iv) Ordering the Debtor to file a formal response to the Trustee's Subpoena Duces Tecum; and (v) any such additional relief as this Court deems Just and Proper.

Dated: April 14, 2022.

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail robert@rabankruptcy.com

By /s/ *Robert A. Angueira*
   ROBERT A. ANGUEIRA, ESQ.
   Florida Bar No. 0833241

Case No.: 21-20546-AJC

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 14th day of April, 2022, to the Debtor.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 14th day of April, 2022, to:

- **Robert A Angueira**   rangueir@bellsouth.net, yanay@rabankruptcy.com;lillian@rabankruptcy.com;richard@rabankruptcy.com

- **Robert A Angueira**   robert@rabankruptcy.com, yanay@rabankruptcy.com;lillian@rabankruptcy.com;richard@rabankruptcy.com

- **Don D. G. James**   donjamespa@aol.com

- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov

- **Maria Yip**   trustee@yipcpa.com, mmy@trustesolutions.net;cmmy11@trustesolutions.net

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail robert@rabankruptcy.com

By /s/ *Robert A. Angueira*
   ROBERT A. ANGUEIRA, ESQ.
   Florida Bar No. 0833241

5

Exhibit "1"

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | ) | CASE NO.: 21-20546-AJC |
| | ) | |
| GINA E. HICKEY | ) | |
| | ) | |
| | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| _____ | / | |

## NOTICE OF RULE 2004 EXAMINATION DUCES TECUM

MARIA M. YIP, Trustee, by and through her undersigned attorney, will examine the Debtor, GINA E. HICKEY, under oath on **February 23, 2022 at 2:00 p.m. by Zoom Web Conferncing.** The examination may continue from day to day until completed. If the examinee receives this notice less than 7 days prior to the scheduled examination date (or less than 10 days if examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to FRBP 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in FRBP 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

The examinee is further requested to electronically produce all of the documents as described on the attached Exhibit "A" three days prior to the Rule 2004 Examination.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 8th day of February, 2022, to the Debtor.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 8th day of February, 2022, to:

- Don D. G. James    donjamespa@aol.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Maria Yip    trustee@yipcpa.com, mmy@trustesolutions.net;cmmy11@trustesolutions.net

ROBERT A. ANGUEIRA, P.A
16 SW 1st Avenue
Miami, FL 33130
Tel. (305) 263-3328
e-mail rangueir@bellsouth.net

By    /s/ Robert A. Angueira, Esq.
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

cc:    Fernandez & Associates Court Reporters

CASE NO.: 21-20546-AJC

## EXHIBIT "A"

### I. DOCUMENTS TO BE PRODUCED

1. Provide a copy of the closing statement, warranty deed, mortgage application and mortgage notes for the following property:

   7901 Hispanola Ave., Apt. 1207 N. Bay Village, FL 33141

2. Provide a copy of the application and closing statement for any refinancing or loan modifications that took place within the last 41 months and a copy of all current mortgage statements showing the outstanding balances for the property detailed in Item 1 above. Provide a full accounting of any proceeds received as a result of the refinancing.

3. If the property described in Item 1 above was purchased within the last 41 months and funds from the sale of a prior homestead were utilized to purchase the property; provide a copy of the closing statement of the prior homestead.

4. Provide a copy of the closing statement for any real or personal property that was purchased, sold or transferred by the Debtor within the last 5 years. Provide a full accounting of any proceeds received from this transaction.

5. Provide model, exact mileage, pictures, proof of registration, copy of title, insurance and a current statement showing balance due for the following vehicle as listed on Schedule A/B, Part 2, Item 3:

   2019 BMW X-1

6. Provide a copy of the homeowner's insurance policy.

7. Provide a detailed list and documentation to support the value of $400 as listed for the Household Goods and Furnishings on Schedule A/B, Part 3, Item 6. Provide pictures of all of these items and all rooms in the house.

8. Provide a detailed list and documentation to support the value of $600 as listed for the Electronics on Schedule A/B, Part 3, Item 7. Provide pictures of all of these items.

9. Provide copies of the statements and original cancelled checks for all bank accounts that are in the name or joint name of the Debtor, or where the Debtor is an authorized signer or an interested party of any kind, for the period of **November 1, 2018** through and including **November 30, 2021** including the following accounts as listed on Schedule A/B, Part 4, Item 17:

JP Morgan Chase Bank Account No. xxx5953

10. Provide support for all deposits and for any checks (or other disbursements) that are $1,000 or higher in any of the bank statements as detailed in Item 9 above.

11. All the documentation (including the application and information concerning the authorized signers) relating to all the bank accounts that the following company and any other companies owned or controlled by the Debtors had during the last two years:

HAQSHAQ LLC

12. Complete copies of statements and copies of all cancelled checks from any bank account as listed in Item 11 above for the period of **November 1, 2019** through and including **November 30, 2021.**

13. Copy of the 2019, 2020 and 2021 Federal Income Tax Returns for the company as detailed in Item 11 above.

14. Copy of all financial statements (audited and/or unaudited) for 2019, 2020 and 2021 for the company as detailed in Item 11 above.

15. Copy of any applications for credit that were submitted to any financial institution by the company as detailed in Item 11 above.

16. Provide a list of all funds HAQSHAQ LLC received from the Small Business Administration (SBA) within the last two years. The list should state if the funds were a Loan,

4

CASE NO.: 21-20546-AJC

Grant, Paycheck Protection Program (PPP) funds, or an EIDL Loan, the date received, amount and a copy of the bank statement supporting the deposit.

17. Provide a USB flash drive or disc containing the accounting data for the company as detailed in Item 11 above. Include the name of the software used and the passwords required to access the data.

18. Provide a detailed list of all real property, equipment, machinery or inventory held by the company as detailed in Item 11 above.

19. Provide a full accounting of all cash advances taken from any credit card or line of credit as listed on Schedule E/F. Provide detailed descriptions of what the money was used for.

20. Provide a copy of the last statement for all of the creditors as listed on Schedule E/F.

21. Provide documentation to support the following monthly expenses as listed in Schedule J:

| | |
|---|---|
| Mortgage payment | $ 1,800.00 |
| Auto Insurance | $ 120.00 |
| Auto Payments | $ 460.00 |

22. Provide a copy of the Divorce Decree and Marital Settlement Agreement.

23. Provide the total amount of funds Debtor gave Michael Hickey within the last two years and documentation to support this total.

## II. DEFINITIONS AND INSTRUCTIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

1. Where the word "any" is used in a request, it includes all documents so described.

2. "Communication" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in a document, whether prepared in anticipation of, during, or subsequent to such communications.

3. "Creditor" shall mean any person or entity to whom the Debtor owes money or is due performance of any other contractual obligation.

4. "Debtor" shall mean Gina E. Hickey.

5. "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

6. "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice

communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

7. "You" and "Your" refers to Gina E. Hickey.

8. "And" and "Or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

9. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity,

whether privately or publicly owned or controlled, for profit or non-for-profit, or partially or fully government owned or controlled.

10. "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

11. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

12. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

13. "Year" means calendar year unless otherwise specified.

### III. INSTRUCTIONS

1. With respect to this request for documents, the following instructions shall apply:

(1) This request for documents is continuing and Examinee is requested to supplement its responses hereto.

(2) Examinee is hereby notified that its duty to respond includes the duty to supply all documents and materials in Examinee's physical possession, as well as those which can be obtained from additional sources, pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure.

CASE NO.: 21-20546-AJC

(3) In the event that any document called for by a request is withheld on the basis of claim of privilege, please identify that document by stating: (a) any addressor or addressee; (b) matter, number of pages, and attachments or appendices; (c) all persons to whom the document was distributed, shown or explained: (d) its present custodian; and (e) the nature of the privilege asserted.

(4) In the event that any document requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

(5) In the event that any document called for by a request has been destroyed or discarded, please identify that document by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown or explained; (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (f) the persons authorizing or carrying out such destruction or discard.

(6) In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

(7) All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                    :
                                                          :    Case No. 21-20546-AJC
GINA E. HICKEY,                                           :
                                                          :
                                                          :    Chapter 7
Debtor.                                                   :
_____/

## SUBPOENA FOR RULE 2004 EXAMINATION

TO:    Gina E. Hickey                     Don D.G. James, Esq.
       7901 Hispanola Ave., Apt. 1207     Law Office of Don James, P.A.
       N. Bay Village, FL  33141          2655 LeJeune Rd., #516
                                          Coral Gables, FL  33134

__X__ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| **Robert A. Angueira, P.A.** by Zoom Web Conferencing | February 23, 2022  2:00 P.M. |

The examination will be recorded by this method:  Court Reporter

__X__ *Production:* You, or your representatives, must provide 3 days prior to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

*All items described in Exhibit "A" of the Notice of Taking Rule 2004 Examination Duces Tecum that is being filed and served contemporaneously with this Subpoena.*

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/  Robert A. Angueira, Esq. Counsel for Maria M. Yip, Trustee | February 8, 2022 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Robert A. Angueira, Esq. 16 SW 1st Avenue Miami, FL  33130 305-263-3328 | |

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

I received this subpoena for: **GINA E. HICKEY** on February 8, 2022.

__X__ I served the subpoena by delivering a copy to the named person as follows:

Served via U.S. Mail, First Class, to:

| | |
|---|---|
| **Gina E. Hickey** | **Don D.G. James, Esq.** |
| **7901 Hispanola Ave., Apt. 1207** | **Law Office of Don James, P.A.** |
| **N. Bay Village, FL  33141** | **2655 LeJeune Rd., #516** |
| | **Coral Gables, FL  33134** |

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __N/A__ .

I declare under penalty of perjury that this information is true and correct.

Date: __February 8, 2022__

/s/ *Robert A. Angueira, Esq.*
Robert A. Angueira, P.A.
16 SW 1st Avenue
Miami, FL 33130

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.